IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DERRICK L. WALKER,

    Plaintiff,

v.                                    CASE NO. 1:21-cv-168-MW-GRJ

PROGRESSIVE SELECT INS.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Progressive's Motion to Enforce Settlement Agreement, ECF No. 60. Plaintiff has failed to respond and the time for doing so has passed. The motion, therefore, should be granted for the following reasons.

### I. BACKGROUND

On August 22, 2022,[1] the undersigned conducted a mediation in this

---

[1] The mediation was held after Plaintiff failed to appear at the first scheduled mediation and failed to respond to a show cause order requiring Plaintiff to advise why he had not attended the mediation conference. On June 9, 2022, the Court entered an order scheduling a settlement conference for July 18, 2022. ECF No. 38. Plaintiff failed to appear on July 18, 2022, ECF No. 50, so the Court issued a show cause order requiring Plaintiff to explain why he had not appeared. ECF No. 51. Plaintiff never responded to the Court's show cause order. On August 3, 2022, rather than dismissing the case the Court gave Plaintiff another chance and rescheduled the mediation expressly advising

UM/UIM case arising from a 2017 car accident in which Plaintiff suffered injuries after the vehicle he was driving was struck by an uninsured driver. *See* ECF No. 56.  During the August 22, 2022, mediation, the case unambiguously settled.  The Court reviewed with each party the terms of the settlement and both sides expressly advised the Court they agreed to settle for those terms. The only remaining detail at the mediation was the execution of a general release by Plaintiff. Because a general release was not available at the mediation for Plaintiff to sign—and to avoid any grounds for objection later—the Court reviewed the material terms of the general release. The material terms of the general release were that Plaintiff would release all claims against the Defendant, its subsidiaries, employees, agents and attorneys. Plaintiff advised the Court that he agreed to all terms of the settlement and made no objection at the time.  After reviewing the terms of the general release the Court reviewed the terms of the settlement with the parties, which were:

> Progressive agrees to pay [ ] in exchange for full release. General Release to be sent to plaintiff by 8/26/2022. A joint stipulation of dismissal with prejudice with each party to bear their own attorney

---

Plaintiff that if he did not appear the case would be dismissed. ECF no. 56. Although Plaintiff appeared on August 22, 2022, as reflected in his email to Defendant's counsel, Plaintiff believes a court ordered mediation does not count.

>fees shall be filed 14 days after receipt of settlement check.
>ECF No. 59.

Plaintiff, Defendant's counsel and Defendant's representative each advised the Court that they agreed with the terms of the settlement. The terms of the settlement were expressly reflected on the docket in the minutes of the settlement conference. ECF No. 59. The following morning, Plaintiff notified Defendant via e-mail that he had changed his mind and wanted to go to trial. ECF No. 60-1.

## II. DISCUSSION

This is a classic case of "buyer's remorse." Buyer's remorse, of course, is not a sufficient reason to refuse to abide by the terms of a settlement agreement unambiguously agreed to in open court and reflected on the minutes of the settlement conference.

The Court may "enforce a settlement agreement ... when one party refuses to abide by the agreement prior to dismissal of the action." *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987); *see also BP Prods. N. Am., Inc. v. Oakride at Winegard, Inc.*, 469 F. Supp. 2d 1128, 1132 (M.D. Fla. 2007). The motion is an equitable action for specific performance, which the Court may resolve without a jury, *Ford v. Citizens and S. Nat'l Bank,*

*Cartersville*, 928 F.2d 1118, 1122 (11th Cir. 1991), and an evidentiary hearing unless there is "a substantial factual dispute as to the terms of the settlement," *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994).

Oral settlement agreements are enforceable under both federal and Florida law. *See, e.g., Skrtich v. Thornton,* No. 3:99–cv–742–J–25HTS, 2003 WL 24845555, at *2 (M.D. Fla. Mar. 28, 2003). The Court should look to Florida law to determine whether the parties reached an enforceable settlement agreement. *See Londono v. City of Gainesville,* 768 F.2d 1223, 1227 (11th Cir. 1985); *Vinnett v. Gen. Elec. Co.*, 271 F. App'x 908, 912 (11th Cir. 2008) ("We use the applicable state's contract law to construe and enforce settlement agreements." (citation omitted). "In Florida, settlement agreements are favored as an efficient way to settle disputes and as a means to conserve judicial resources." *BP Prods. N. Am., Inc.*, 469 F. Supp. 2d at 1133 (internal citations omitted). "The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement." *Id*. Finally, and relevant here, a party may not unilaterally repudiate a settlement agreement once it

is reached. *Reed by and through Reed v. United States*, 891 F.2d 878, 881 n.3 (11th Cir. 1990) (citations omitted).

"The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement." *Specialty Disease Mgmt. Servs., Inc. v. Aids Healthcare Found.,* No. 3:01–cv–1353–J–32TEM, 2003 WL 25608009, at *3 (M.D. Fla. Oct. 21, 2003) (citations omitted); *see also Long Term Mgmt., Inc. v. Univ. Nursing Care Center,* 704 So.2d 669, 673 (Fla. 1st DCA 1997); *Bateski by and through Bateski v. Ransom*, 658 So. 2d 630, 631 (Fla. 2d DCA 1995); *Williams v. Ingram,* 605 So.2d 890, 893 (Fla. 1st DCA 1992). "The moving party must establish a meeting of the minds or mutual or reciprocal assent to a certain and definite proposition." *Ingram,* 605 So.2d at 893; *see also Bateski,* 658 So.2d at 631. "To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element." *Aids Healthcare Found.,* 2003 WL 25608009, at *3.

In the present case, Defendant has established that there was a meeting of the minds as to every essential element of the agreement

between Plaintiff and Defendant and that there was mutual assent to the terms. The settlement agreement included: (1) the amount Defendant agreed to pay; (2) the furnishing of a general release and the specific terms of the general release; (3) the deadlines for furnishing the documents and for making payment; and (4) a requirement that a joint stipulation of dismissal with prejudice would be filed.

   Plaintiff has not filed a response to the motion to enforce settlement and, therefore, does not challenge any of the terms of the settlement agreement. Rather, as reflected in the email Plaintiff sent to Defendant the day after the settlement conference, although Plaintiff does not take issue with any of the terms of the settlement, he instead advises that he wants to pursue "bad faith" claims and explains that "I just didn't have the language on hand to argue with the judge yesterday nor did I feel it was necessary as it was only a mediation." ECF No. 60-1. Notably, the legal issues concerning Plaintiff's pursuit of bad faith claims as well as Plaintiff's pursuit of claims against other individuals were discussed at length with the Plaintiff at the settlement conference. If Plaintiff did not want to settle this case because he wanted to pursue "bad faith" claims the time to make that

decision was at the settlement conference and not after the conclusion of the settlement conference.

Plaintiff made the decision to settle with the Defendant for the terms discussed above, advised the Court that he agreed to those terms and voiced no objection to the agreed upon settlement at the settlement conference. Plaintiff's change of heart the next day is not a valid legal justification to back out of the agreement. If that was the case settlement conferences and mediations would be nothing more than discussion conferences, allowing a party to back out of a settlement agreement at any time and for any reason thus effectively rendering mediations as a non-binding form of alternative dispute resolution. That, of course, is not the case. Agreements reached in open court and representations made to the mediator or judge, as here, are binding and enforceable so long as there is no ambiguity in the terms of the settlement agreement. There is none here. Therefore, the settlement agreement must be enforced.

### III. CONCLUSION

Accordingly, for these reasons, it is respectfully, **RECOMMENDED**:

1. Defendant Progressive's Motion to Enforce Settlement Agreement, ECF No. 60, should be **GRANTED**.

2. Plaintiff should be ordered to comply with the terms of the settlement agreement within ten days of the order addressing the report and recommendation, failing which the case should be dismissed.

**IN CHAMBERS** this 12th day of September 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.